MILO M. BELDING and others, Respondents, *v.* JOSEPH M. FLOYD, Appellant, Impleaded with FREDERIC S. RICE and THEODORE T. JOHNSON.

*Insurance — liability of the president of a company for false representation made by its agents.*

Where the president of an insurance company, knowing that the statutory prerequisites to its organization have not been complied with, issues and signs policies and places them in the hands of agents, who, to his knowledge, induce

people to take them by representing that the laws authorizing the company to transact business have been complied with, he is guilty of a fraud, and an action lies against him to recover back the money so paid.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court, without a jury.

*W. B. Putney*, for the respondents.

*Thomas Darlington*, for the appellants.

GILBERT, J. :

This is an action to recover back money fraudulently obtained under the following circumstances : An insurance company was organized in 1868. It was prohibited by law from commencing business until $50,000 of its capital stock had been subscribed and paid in, and until it had deposited $100,000, invested in certain securities prescribed, with the superintendent of the insurance department of this State. The defendant became president of said company, and in 1875 issued policies of insurance in the name of said company and subscribed the same as president. These policies were placed in the hands of an agent, who induced the plaintiff, by representing that the laws authorizing the company to commence business had been complied with, to take four of said policies and pay the premiums thereon. The representation was false, and the defendant knew, when he issued the policies, that agents of the company were engaged in soliciting risks for the company, and that the conditions aforesaid had not been performed. The plaintiff had judgment, and the defendant has appealed therefrom.

I am quite sure that the judgment should be affirmed. The money of the plaintiff was obtained by a gross fraud. The defendant, by issuing the policies and placing them in the hands of an agent who was engaged in soliciting risks, showed a direct participation in the fraud. It would be a reproach to the law to exempt him from liability, because he did not personally receive the money obtained. Such a rule would exhonerate confederates of persons who pass counterfeit money, and indeed accomplices of every sort. The rule of law is otherwise. When money has been fraudulently

obtained the law implies a promise to repay it on the part of every person implicated in the fraud. The person defrauded may waive the tort and sue for money had and received. It cannot be necessary to cite authorities to sustain these propositions. (But see 4 Wait's Actions and Defences, 474.)

The judgment must be affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.